THE AMUSEMENT SYNDICATE COMPANY et al., *Appellees,* v. THE PRUSSIAN NATIONAL INSURANCE COMPANY *et al., Appellants.*

No. 17,178.

OPINION DENYING A REHEARING.

HEADNOTE BY THE REPORTER.

INSURANCE—*Attorneys' Fees.* The judgment in this case (*ante,* p. 367), allowing attorneys' fees in an action on an insurance policy covering rents of real estate affirmed. Rehearing denied.

Appeal from Shawnee district court. Opinion filed October 7, 1911. Reaffirmed. Rehearing denied. (For original opinion, see *ante,* p. 367.)

*Eugene S. Quinton,* for the appellants.

*Mulvane & Gault,* and *D. R. Hite,* for the appellees.

Syndicate Co. v. Insurance Co.

*Per Curiam:* The defendants ask a rehearing upon the question whether the plaintiff should have been allowed to recover attorneys' fees. The ground of the decision is that whether or not the statute as amended in 1897 allowed attorneys' fees to be recovered in an action on a policy covering personal property (which is not decided), it did authorize such a recovery in an action upon any kind of a policy described in either the first or second section; and that the policies here sued upon insured real estate within the meaning of expression as used in the second section. It may be more nearly accurate to say that the policies insured rent on real estate, and rent is of course not realty. But technically speaking no policy insures property of any kind. "The contract is personal, and insures, not the property, but the assured against loss by its destruction." (1 Wood, Fire Ins., 2d ed., § 264.) "The subject of the indemnity, though popularly called so, is not the particular article or building named in the contract which may be injured or destroyed, but it is the interest of the insured in that article or building." (1 Biddle, Ins., § 2.) "Whether the subject matter of insurance be a ship or a building or a life, or whatever else it may be, although in popular language it may be called an insurance upon the ship or building, or life, or some other thing, yet it is strictly an agreement with some person interested in the preservation of the subject matter to pay him a sum which shall amount to an indemnity, or a certain sum agreed upon as an indemnity, in case his interest in the subject matter shall suffer diminution of value from certain specified causes or in certain specified contingencies." (1 May, Ins., 3d ed., § 6.) A contract which undertakes to indemnify a person interested for loss occasioned by the injury or destruction of certain property is, as the expression is ordinarily used, a policy of insurance upon that property. Thus in *Marine Insurance Co. v. Winsmore,* 124 Pa. St. 61,

16 Atl. 516, it was said: "Not only any qualified property in the *thing insured,* but also any reasonable expectation of legitimate profit or advantage, to spring therefrom, is a proper subject of insurance." (p. 65.) We think the provision of the second section of the statute, as to how real estate should be described in a policy insuring it, was intended to apply to insurance against loss to any one injured by the destruction of the property, and that the subsequent provision allowing attorneys' fees where judgment is rendered upon "any such policy" is equally broad.

The petition for a rehearing is denied.

WEST, J., not sitting.