**WESTERN PENNSYLVANIA NATIONAL BANK, Successor Trustee under the Will of William F. Sullivan, Deceased, Plaintiff,**

v.

**The AMERICAN INSURANCE COMPANY OF NEWARK, NEW JERSEY, a New Jersey Corporation, Defendant.**

**WESTERN PENNSYLVANIA NATIONAL BANK, Successor Trustee under the Will of William F. Sullivan, Deceased, Plaintiff,**

v.

**NORTHERN INSURANCE COMPANY, a New York corporation, Defendant.**

Civ. Nos. 67–1033, 67–1034.

United States District Court
W. D. Pennsylvania.

April 9, 1968.

J. Paul Farrell, McKeesport, Pa., for plaintiff.

Thomas Lewis Jones, of White, Jones & Gregg, Pittsburgh, Pa., for defendants.

OPINION AND ORDER

MARSH, District Judge.

In these diversity suits, plaintiff-trustee seeks to recover the proceeds of several fire insurance policies covering a building occupied for "Mercantile and

Apartments" located in McKeesport, Pennsylvania.

The policies were issued by the defendants to the plaintiff-trustee at a time when it owned the building in fee simple, and insured it against all direct loss by fire.

On April 24, 1967, while the policies were in full force and effect, the Redevelopment Authority of the City of McKeesport filed a declaration of taking of the property in the state court pursuant to the Pennsylvania Eminent Domain Code of 1964, 26 Purdon's Pa.Stat.Ann. § 1–402,[1] thereby acquiring "a fee simple or absolute title",[2] in plaintiff's property, and secured just compensation therefor by filing its "open-end" bond[3] on the same day pursuant to 26 Purdon's Pa.Stat.Ann. § 1–403. On May 30, 1967 the insured building was totally destroyed by fire.

The defendants deny that plaintiff has suffered any loss as a result of the fire for the reason that its title and right of possession passed to the Redevelopment Authority on April 24th, and that as of the date of the fire, it had no insurable interest or right of recovery against the defendants.

After the parties had filed their Narrative Statement of Facts, each moved for summary judgment with supporting affidavits.

In their answers the defendants alleged that prior to the fire, the Authority offered to pay condemnee $80,000 in full payment of the value of the property, and denied that, after condemnation, the plaintiff "still had possession of the said property and had the right of possession of the property under Section 407 of the Eminent Domain Code and is subject to revocation proceedings under Section 408 of the Eminent Domain Code * * *."

The affidavit of plaintiff's trust officer alleged that no money "has ever been paid or tendered [offered] to the said plaintiff by the Redevelopment Authority", and that the Authority "has never taken possession of or made entry upon the plaintiff's property", "nor paid any money into court with respect to the said property", and that "plaintiff has never tendered possession of said property or right of entry thereon to the Redevelopment Authority".

██ The defendants did not deny these sworn allegations by counter-affidavits or other proof, and under Rule 56(e), Fed.R.Civ.P., they may not avoid summary judgment by resting upon the mere allegations and denials in their answers. United States v. Feinberg, 372 F.2d 352, 359 (3d Cir. 1967); Robin Construction Company v. United States, 345 F.2d 610, 614–615 (3d Cir. 1965).

Thus, it appears without genuine dispute that plaintiff remained in possession of the property from the date of condemnation through the date of the fire, and is still in possession.

In my opinion, the defendants' motion should be denied, and the plaintiff's motion granted as to liability only. Rule 56(c), Fed.R.Civ.P.

In International Marine Ins. Co. v. Winsmore, 124 Pa. 61, 65–66, 16 A. 516, 517 (1889), it was said:

"While it may be difficult to give a comprehensive, and at the same time accurate, definition of an 'insurable interest,' it is doubtless well settled that not only any qualified property

---

1. "§ 1–402. Condemnation; passage of title; declaration of taking

"(a) Condemnation, under the power of condemnation given by law to a condemnor, which shall not be enlarged or diminished hereby, shall be effected only by the filing in court of a declaration of taking, with such security as may be required under section 403(a), and thereupon the title which the condemnor acquires in the property condemned shall pass to the condemnor on the date of such filing, and the condemnor shall be entitled to possession as provided in section 407. * * *"

2. See declaration of taking, ¶ 7, attached to affidavit of counsel in support of defendants' motion for summary judgment.

3. See bond attached to declaration of taking.

in the thing insured, but also any reasonable expectation of legitimate profit or advantage to spring therefrom, is a proper subject of insurance. Right of property is not always an essential ingredient of an insurable interest. Loss or injury from its destruction, or benefit from its preservation, may be sufficient. As a general rule, whatever furnishes a reasonable expectation of pecuniary benefit from the continued existence of the subject of insurance is a valid insurable interest. Miltenberger v. Beacom, 9 Pa. 198, 199."

In Couch on Insurance 2d, § 24:13, it is said:

"Generally speaking, a person has an insurable interest in property whenever he would profit by or gain some advantage by its continued existence and suffer some loss or disadvantage by its destruction. * * * Any interest in property, legal or equitable, qualified, conditional, contingent, or absolute, or merely the right to use the property, with or without the payment of rent, is sufficient."

It is not disputed that plaintiff had an insurable interest in the building when the insurance contracts were entered into. In my opinion that interest was not completely extinguished by the condemnation on April 24, 1967, since the plaintiff was permitted by the condemnor to remain in possession. Although plaintiff's fee simple title was taken by the condemnor, there remained an insurable interest in the property at least as a possessor. I think that a former owner in possession of a commercial building has a reasonable expectation of profit or advantage, and, therefore, has an insurable interest in the building, notwithstanding that the legal or equitable title has been divested. Couch, op. cit., § 24:78; cf. Couch, op. cit., ¶ 24:62.

In addition, under § 1–406, 26 Purdon's Pa.Stat.Ann., the state court could revest the title in the condemnee in sustaining preliminary objections to the condemnation. Under § 1–408, 26 Purdon's Pa.Stat.Ann., the Authority had the right within one year to file a declaration of relinquishment which would revest the title to the property in the plaintiff as of the date of taking. These provisions, I think, make it clear that the title of the Authority is defeasible; the plaintiff retained not only an economic interest but also a legal right for one year, if the Authority so decided, to have its title reinstated as of the date of taking. Thus, for one year the risk of destruction by fire remained with the plaintiff, and, I think, for this reason also it had an insurable interest in the building at the time of the fire. Cf. Dursie v. American Union Insurance Co. of New York, 207 Pa.Super. 240, 218 A.2d 87 (1966), wherein three Superior Court Judges and one Common Pleas Court Judge held that the former owner of the condemned five dwellings destroyed by fire had an insurable interest therein even though it did not appear that she was in possession.[4] As stated by Judge Watkins for the majority:

"If, in fact, legal title had passed he still had certain property rights to support an insurable interest, call it what you will, a qualified title that is insurable, or an interest in property."

Cf. also, Home Insurance Company of New York v. Dalis, 206 Va. 71, 141 S.E. 2d 721 (1965). Contra, Van Cure v. Hartford Fire Insurance Company, an unreported opinion at No. 3298 April Term, 1964, Allegheny County Common Pleas Court. Both the last cited cases contain facts similar to those sub judice in that the former owners of the condemned properties involved were in possession at the time of the fires.

It remains only for determination at trial the amount of indemnity to which the plaintiff-trustee is entitled.

An appropriate order will be entered.

---

4. See comment on Dursie in Snitzer, Pennsylvania Eminent Domain, pp. 13–15, 29 (Supp.1967), and the excellent analysis in Vol. 71, Dickinson L.Rev., p. 622.