**1220**

WESTERN PENNSYLVANIA NATION-
AL BANK, Successor Trustee Under
the Will of William F. Sullivan, De-
ceased

v.

The AMERICAN INSURANCE COMPA-
NY OF NEWARK, NEW JERSEY, a
New Jersey Corporation, Appellant in
No. 17,537.

WESTERN PENNSYLVANIA NATION-
AL BANK, Successor Trustee Under
the Will of William F. Sullivan, De-
ceased

v.

NORTHERN INSURANCE COMPANY, a
New York Corporation, Appellant
in No. 17,538.

Nos. 17537, 17538.

United States Court of Appeals,
Third Circuit.

Argued June 22, 1970.

Decided July 22, 1970.

Thomas Lewis Jones, White, Jones &
Gregg, Pittsburgh, Pa., for appellants.

J. Paul Farrell, McKeesport, Pa., for
appellee.

Before WINTER *, ALDISERT and
GIBBONS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

These appeals in diversity actions gov-
erned by the substantive law of Pennsyl-
vania require us to decide whether a con-
demnee in possession has an insurable
interest in real estate after the condem-
nor has published its declaration of tak-
ing and made the appropriate filing with
bond. This issue is critical to the de-
termination of the condemnee-appellee's
claim for proceeds on fire insurance pol-
icies, a fire having occurred subsequent
to the condemnation but while the con-
demnee was still in possession.

Although recognizing that the govern-
ing state law was then somewhat ill-
defined, the district court held that the
condemnee possessed an insurable inter-
est and permitted him to recover. 282
F.Supp. 632 (1968).

▆ While this appeal was pend-
ing, the Pennsylvania Supreme Court de-
cided this precise issue in Van Cure v.
Hartford Fire Ins. Co., 435 Pa. 163, 253
A.2d 663 (1969), and held that under
such circumstances there was no insura-
ble interest. Moreover, the court spe-
cifically rejected the holding of the dis-
trict court in the case at bar. In a di-
versity action we are governed by the
state substantive law as pronounced by
the state's highest court. Erie Railroad
Co. v. Tompkins, 304 U.S. 64, 58 S.Ct.
817, 82 L.Ed. 1188 (1938).

The judgment of the district court
will be reversed and the cause remanded
to the district court for the entry of a
judgment in favor of appellees only to
the extent of a pro rata refund on pre-
paid premiums on insurance policies.

---

* Circuit Judge of the Court of Appeals for the Fourth Circuit, sitting by designation.