428 F.2d 1220
 WESTERN PENNSYLVANIA NATIONAL BANK, Successor Trustee Under the Will of William F. Sullivan, Deceased
v.
The AMERICAN INSURANCE COMPANY OF NEWARK, NEW JERSEY, a New Jersey Corporation, Appellant in No. 17,537.
WESTERN PENNSYLVANIA NATIONAL BANK, Successor Trustee Under the Will of William F. Sullivan, Deceased
v.
NORTHERN INSURANCE COMPANY, a New York Corporation, Appellant in No. 17,538.
 No. 17537.
 No. 17538.
 United States Court of Appeals, Third Circuit.
 Argued June 22, 1970.
 Decided July 22, 1970.
 
 Thomas Lewis Jones, White, Jones & Gregg, Pittsburgh, Pa., for appellants.
 J. Paul Farrell, McKeesport, Pa., for appellee.
 Before WINTER*, ALDISERT and GIBBONS, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 These appeals in diversity actions governed by the substantive law of Pennsylvania require us to decide whether a condemnee in possession has an insurable interest in real estate after the condemnor has published its declaration of taking and made the appropriate filing with bond. This issue is critical to the determination of the condemnee-appellee's claim for proceeds on fire insurance policies, a fire having occurred subsequent to the condemnation but while the condemnee was still in possession.
 
 
 2
 Although recognizing that the governing state law was then somewhat ill-defined, the district court held that the condemnee possessed an insurable interest and permitted him to recover. 282 F.Supp. 632 (1968).
 
 
 3
 While this appeal was pending, the Pennsylvania Supreme Court decided this precise issue in Van Cure v. Hartford Fire Ins. Co., 435 Pa. 163, 253 A.2d 663 (1969), and held that under such circumstances there was no insurable interest. Moreover, the court specifically rejected the holding of the district court in the case at bar. In a diversity action we are governed by the state substantive law as pronounced by the state's highest court. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).
 
 
 4
 The judgment of the district court will be reversed and the cause remanded to the district court for the entry of a judgment in favor of appellees only to the extent of a pro rata refund on prepaid premiums on insurance policies.
 
 
 
 Notes:
 
 
 *
 Circuit Judge of the Court of Appeals for the Fourth Circuit, sitting by designation