## Grassi v. Harleysville Mutual Insurance Company

*Arnold Glaberson*, for plaintiff.

*Paul A. Rockry* and *Frank Careno*, for defendants.

TAKIFF, *J.*, January 3, 1978—This matter was tried without a jury on November 8 and 9, 1977. Plaintiff and her husband owned a two story brick building located at 2002 West Passyunk Avenue (a/k/a 2226 South 20th Street), Philadelphia, Pa. The first floor of these premises was leased by plaintiff to Peter M. and Elza M. Del Borello and was used for a laundromat. The second floor was leased as an apartment.

On December 5, 1973, a fire occurred which damaged both floors of the building. Plaintiff submitted a claim for fire loss to defendant Harleysville Mutual Insurance Company under Policy No. F 327384 which insured the premises against fire damage. Defendant refused to pay plaintiff's $15,004 claim, contending that the claim included, inter alia, losses attributable to improvements made by the first floor lessees and damaged in the fire for which they denied liability. They assert that these improvements were not covered by the policy, since plaintiff had no insurable interest in them, despite the fact that the lease between plaintiff (and her deceased husband) and the lessees specifically provided that "any improvements made by the lessee shall not be detached from the property, but shall remain for the benefit of the lessor."

Defendant earlier sought to join the lessees in this litigation as additional defendants, asserting that they were solely liable to plaintiff for the losses stemming from the fire damage to the first floor improvements. Defendant's theory was that since the lessees had been compensated for the loss of the same improvements via their own insurance, if

plaintiff was to recover for the loss she sustained as to those improvements, payment should come from the additional defendants. Judge Samuel Smith, of this court, sustained preliminary objections as to the putative additional defendants, without opinion.

We assume that the basis for Judge Smith's order was the principle that a lessee and a lessor can each have insurable interests in the same property. See International Marine Insurance Co. v. Winsmore, 124 Pa. 61, 62, 16 Atl. 516 (1889); Columbia Insurance Co. v. Cooper, 50 Pa. 331, 341 (1865); See, generally 43 Am. Jur. 2d §481. A necessary corollary to this conclusion is that in view of their separate and distinct interests, albeit in the same property, neither a lessee nor a landlord ordinarily has an interest in the insurance proceeds collected by the other. This basic analysis remains true even though it may result in a situation where a lessee and a lessor are each compensated for the loss of the same property they severally sustained pursuant to insurance acquired and paid for by each covering their separate insurable interests. Counsel for defendant admits in his trial memorandum that this principle has become the law of the case, as an inescapable inference following Judge Smith's order sustaining the preliminary objections of the additional defendants. We independently accept the separate insurable interest concept as the controlling law.

In view of the foregoing, we have, in arriving at a verdict, considered the proffered evidence relating to the fire losses sustained to the entire premises at 2002 West Passyunk Avenue, specifically including the losses sustained to the improvements made by the lessee in which plaintiff-lessor held an insurable interest. We therefore render the following

## VERDICT

And now, January 3, 1978, we enter a verdict for plaintiff, Edith Grassi, and against defendant, Harleysville Mutual Insurance Company, in the amount of $12,833.